Barbara K. Parmenter
5409 Ivy Street
Springfield, Oregon 97478
Telephone No. (541) 937-1234
Fax No. (541) 746-1461
e-mail: bparmenter97478@gmail.com



# UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BARBARA K. PARMENTER, | CASE NO. 09-60875-fra11 |
| Debtor, Plaintiff, | MOTION FOR ADVERSARIAL CLAIM |
| | CONTEMPT OF COURT |
| v. | |
| NATIONSTAR MORTGAGE | |
| Adversarial Defendant. | |

1.

### NOTICE OF SPECIAL VISITATION

Please take notice that Barbara K. Parmenter hereby makes a special visitation and has made previous special visitations demanding all rights at all times and waiving no rights at any time, especially her right to challenge personal jurisdiction in the first instance and to preserve her right to due process of law.

2.

A fundamental constitution guarantee is that all legal proceedings will be fair and that one will be given notice of the proceeding and an opportunity to be heard before the government acts to take one's life, liberty, or property.

1

3.

Debtor-Plaintiff is a person with verified communications disabilities. Her disabilities were acknowledged by Bankruptcy Judge Frank Alley III on October 21, 2010 and are a part of the record in the United States Bankruptcy Court Case No. 09-60875-fra11.

4.

Debtor-Plaintiff's communications disabilities have been verified by her health care providers and she meets the definitions of a person with communications disabilities as defined by the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and under the Communications Interpreter's Act (CIA). A person with verified disabilities as Debtor-Plaintiff is protected under federal law by the Communications Interpreter's Act (CIA) in Federal Courts and it is required that *SHE MUST BY FEDERAL LAW BE GIVEN* aids and services of her choice to accommodate her handicaps and disabilities to give her equal and effective communications equal to that of others in any United States Bankruptcy Court for the District of Oregon, or any Federal District Court for the District of Oregon at court expense. The Oregon State Circuit Courts and the United States Federal Bankruptcy Court for the District of Oregon and the United States Federal District Courts for the District of Oregon have repeatedly chosen to violate the laws of the United States of America and deny her effective legal representation and access to the courts, a Constitutional Violation.

5.

"Barbara does not have a hearing disability. She has a cognitive disability. She can hear, but she cannot comprehend-in real time-what she hears". (See e-mail: James Leuenberger, February 5, 2008)

6.

"When she is stressed she is unable to adequately process-especially new information, without

2

having time to think about and then read what she has heard. Under duress and stressful conditions, her symptoms, resulting from brain injury and PTSD increase and she is unable to understand the proceedings "in total" in order to fully and fairly participate in the proceeding". (See July 14, 2010 Affidavit of Susan Cox Hammond, RN, MSN, FNP of Horizon Health Services)

7.

"She struggles with sequencing and organizing materials in a comprehensive manner and in other areas of executive functioning. Her cognitive deficits are magnified by her current level of pain and stress, to where it is difficult for her to function in many areas of her life and impossible to function in the court or legal setting". (See John Bundy, Ph.D. Licensed Psychologist report of October 11, 2010).

8.

"Barbara is presently neither incapacitated nor incompetent. She does and will continue to be handicapped and cannot adequately comprehend oral communications. In addition a recent MRI has revealed very severe changes in her physical condition that are causing her pain and further stress which is known to worsen her handicaps and disabilities. Ms. Parmenter needs additional time to respond to court matters". (See October 22, 2010 Affidavit of Susan Cox Hammond, RN, MSN, FNP of Horizon Health Services).

9.

"Please be advised that Barbara Parmenter, as previously documentation will attest, is a disabled person in need of special accommodations to insure fair representation in any litigation. Ms. Parmenter suffers from an auditory processing disorder, traumatic brain injuries, with post-traumatic stress disorder (PTSD) and vestibular disorder exacerbated by visual tracking of transcript during proceedings". ........."I believe Ms. Parmenter to have autism spectrum (Specifically Asperger Syndrome) which negatively impacts her ability to comfortably relate to or communicate with others. As a result of these disabilities and PTSD, all court

related activities have potential to exacerbate her fears and resulting anxiety. I attended court with her recently and observed what I believe to be a dissociative reaction connected to her having to appear in court". (February 7, 2011 letter to Clerk of Court by Susan Cox Hammond, RN, MSN, FNP Horizon Health Services).

10.

This case violates the Constitution of the United States under the Fourteenth Amendment equal protection under the laws clause.

Amendment XIV, Section 1:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. NO STATE SHALL MAKE OR ENFDORCE ANY LAW WHICH SHALL ABRIDGE THE PRIVLEDGES OR IMMUNITIES OF CITIZENS OF THE UNITED STATES; nor shall any state deprive any person of life, liberty, or property without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

11.

International Shoe v. State of Washington 326 U, S. 310 (1945)

Historically, the jurisdiction of courts to render judgment *in personam* is grounded on their *de facto* power over the defendant's person. Hence, his presence within the territorial jurisdiction of a court was prerequisite to its rendition of a judgment personally binding him, Pennoyer v. Neff, 95 U.S. 714, 95 U.S. 733. But now that the *capias ad respondendum* has given way to personal service of summons or other form of notice, due process requires only that in order to subject a defendant to a judgment *in personam*, if he be not present within the territory of the forum, he has certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."

12.

4

Debtor-Petitioner is a resident of the State of Oregon. But the maintenance of any suit involving her personam in the State of Oregon where there is a personal financial conflict of interest between her and all members of the judiciary in Oregon substantially offends the notions of fair play and substantial justice. This is especially true where the Oregon Court's numerous concocted, instigated, and fabricated suit's and case's records and history are showing and verifying open and egregious discrimination and hate crimes against her as a disabled person and the courts have further violated mandated federal laws to prevent her from being able to comprehend the crimes being committed against her in retaliation of her exposing crimes and criminals within the Oregon legal system. Page 326 U.S. 320 ...to permit the state to enforce the obligations which Debtor-Plaintiff has incurred there and to allow the maintenance of the present suit in the State of Oregon involves an unreasonable or undue procedure. Maintenance of this case in an Oregon Court violates and offends notions of fair play and substantial justice.

13.

To maintain this case in the State of Oregon would amount to deciding a constitutional question of law "in advance of the necessity for its decision." Federation of Labor v. McAdory, 325 U.S. 450, 325 U.S. 461.

14.

Fourteenth Amendment violation of the equal protection of the laws figures prominently in a wide variety of landmark cases, including Brown v. Board of Education on racial discrimination, Roe v. Wade on reproductive rights, Bush v. Gore election recounts, Reed v. Reed in gender discrimination, University of California v. Bakke racial quotas in education.

15.

Debtor's health care providers and Debtor-Plaintiff herself have repeatedly petitioned the State of Oregon Circuit Courts and the United States Federal and Bankruptcy Courts for the

5

District of Oregon for her to receive as an accommodation effective legal counsel and an aid as an accommodation to her communications disabilities. Since there are no judges or attorneys in Oregon who do not have a financial conflict of interest with Debtor-Petitioner she has requested the court provide her with an attorney from the United States Court of Appeals for the Ninth Circuit Courts Pro Bono pool. Debtor-Petitioner again makes this request.

16.

Debtor-Plaintiff has not received aids and services to accommodate her handicaps and disabilities in over twenty five instigated, concocted, and fabricated State of Oregon Circuit Court Cases and in Federal District Court for the District of Oregon cases and in this case in the United States Bankruptcy Court for the District of Oregon. She has petitioned Judge Alley III to transfer this case to the J. Prettyman United States District Court in the District of Columbia where she can have accommodations and effective legal representation. Debtor-Petitioner again makes this one of her requests.

17.

Debtor-Plaintiff, a citizen of the State of Oregon cannot receive equal protection of the law, equal and effective legal representation or due process as is required under the United States Constitution. Because the State of Oregon has restructured the Oregon State government and in 1965 made the Oregon State Bar a part of the Oregon Judicial Department in violation of Article XI Section 2 of the Oregon Constitution and in violation of Article III of the United States Constitution. (See Sterns v. Marshall - 2011)

The Oregon State Bar is an integrated Bar and it is mandatory for every practicing attorney in Oregon and every Oregon practicing attorney in the reciprocal States of Idaho or Washington to be dues paying members of the Oregon State Bar.

18.

In 1973 The Oregon State Bar Board of Governors made the only public Bar in the United

6

Case 15-06023-fra    Doc 1    Filed 03/04/15

States a self-insuring Bar and created the Professional Liability Fund. Under the PLF every practicing attorney in Oregon is required to purchase a minimum of $300,000.00 in legal negligence coverage annually. If a legal negligence claim was filed against an attorney the $300,000.00 in coverage is first used to defend the accused attorney by the Bar hiring another OSB dues paying member to defend the accused attorney. The Judge who would preside over the accused attorney's hearing is also an Oregon State Bar dues paying member. As Portland attorney and Oregon Attorney General candidate for Attorney General of Oregon has stated: "The PLF's modus operendi is to hire the lawyer or law firm most connected to the court the suit is filed in. As a practical matter, it is very difficult to win against the PLF in Oregon". ..."I don't know that anyone outside of Oregon would believe that the Oregon State Bar has corrupted the practice of law and elevated attorneys into a protected class shielded from the wrath of their clients". Such is the case filed by NATIONSTAR MORTGAGE wherein the law firm and attorneys have no fear of violating a Federal court order or being in contempt of court when the easy pickings are against a disabled, elderly female and the booty is lucrative and tempting.

19.

The Oregon State Bar is maintained and operated from the dues collected annually from the Bar's membership. As costs of operations increase, which includes the costs of liability and the costs of defense, the annual dues increase correspondently.

20.

Debtor-Plaintiff Parmenter is stated in the Multnomah County Oregon Circuit Court Case Parmenter v. The Oregon State Bar to be the only person to have ever sued the Oregon State Bar for damages, which she did Pro Se on November 4, 2004. She sued the Oregon State Bar for Gross Negligence for the Oregon State Bar's reinstatement of the known twice disbarred and convicted felon, Justus Buck Humphreys and upon reinstatement someone at the Bar gave

7

Humphreys aliases to conceal his true identity by tampering with public records, a crime. Humphreys had never legally changed his name.

21.

As Portland attorney Leuenberger, an Oregon candidate for Attorney General of Oregon has stated: "The PLF's modus operendi is to hire the lawyer or law firm most connected to the court the suit is filed in. As a practical matter, it is very difficult to win against the PLF in Oregon". ..."I don't know that anyone outside of Oregon would believe that the Oregon State Bar has corrupted the practice of law and elevated attorneys into a protected class shielded from the wrath of their clients". Such is the case filed by Bayview Loan Servicing, L.L.C. wherein the law firm and attorneys have no fear of violating a Federal court order or being in contempt of court when the easy pickings are against a disabled, elderly female and the booty is lucrative and tempting, and their illicit activities are protected by the courts.

22.

Both Bayview Loan Servicing, LLC in Oregon Circuit Court Case No. 161421755 and M. T. Bank are claiming foreclosure rights on the 5409 Ivy Street property in Springfield, Oregon 97478. All of the original claims or the original supposed claims of their predecessors were denied as not being valid liens by United States Trustee Kenneth Eiler in the final plan of United States Bankruptcy Case No. 09-60875-fra11 and the lenders were notified of such invalid lien(s) as verified by the United States Bankruptcy Court for the District of Oregon in Eugene, Oregon.

In addition Debtor-Plaintiff notified Wells Fargo Home Mortgage again and sent Bayview Loan Servicing, L.L.C. copies of the ruling and the Order.

The "ORDER" states the following:

#3. The property revested in debtor(s) under the plan is free and clear of all claims and interest of creditors and equity security holders.

#4. Commencement or continuance of any action or of employment of process or any act to

8

collect, recover or offset any such debt as the debtor's personal liability, or from the debtor's property is enjoined.

23.

Regardless of the known federal laws Bayview Loan Servicing, L.L.C's legal counsels continued to harass Parmenter and have even filed foreclosure proceedings in the State of Oregon Circuit Court for the County of Lane Co pursuing vexatious litigation because their attorneys knew Parmenter could not secure legal representation in Oregon, Idaho or Washington and that all Oregon Judges and attorneys have an undisclosed personal and professional financial conflict of interest with her and have been using the courts as a weapon against her.

24.

Oregon State Bar members and their law firms were unlawfully able to seize two of Plaintiff's major properties that had also been revested to Debtor free and clear in the same U.S. Bankruptcy Court "ORDER". All these firms had to do was to file and present their claim before another Oregon State Bar member Judge by filing in the State of Oregon Circuit Court for the County of Lane.

25.

Vexatious Litigation is a legal action which is brought, regardless of its merits, solely to harass or subdue an adversary. It may take the form of a primary frivolous lawsuit or may be the repetitive, burdensome, and unwarranted filing of meritless motions in a matter which is otherwise a meritorious cause or action.

26.

As disclosed Parmenter has previously been irreparably harmed by Lenders and their legal counsel Oregon State Bar members being allowed to ignore the United Stated Bankruptcy Court's Federal Court ORDER and the opportunity herein exists for her to again be irreparably harmed because she has no access to the court and the lenders and the legal counsels have the

9

prepotency and may again be allowed to proceed with foreclosure on her free and clear properties through their State of Oregon Circuit Court filings in violation of the United States Bankruptcy Court ORDER on June 10, 2011. The right of access to the courts is violated only when a litigant is denied access and suffers actual injury as a result. Lewis v. Casey, 518 U.S. 343, 351-53 (1996). Without effective accommodations for her communications disabilities Parmenter is legally being denied access to the courts and she suffered irreparable harm of significant monetary magnitude. All Oregon attorneys' and State and Federal judges have a financial conflict of interest with Parmenter due to their being members of the Oregon State Bar. None of the Judges or attorneys have acknowledged their financial conflicts of interests that are a matter of public record and therein as Oregon Public Officials they have violated the Oregon Public Disclosure Requirements. Parmenter has not waived and will not waive her objection to any Oregon State Bar member's hearing her claims due to their conflicts however concealed the conflict may be. Due to this conflict and the fact that Debtor Plaintiff can never receive due process, or equal protection of the law in Oregon as has been repeatedly proven no Oregon State or Federal Courts have personal jurisdiction over her. Jurisdiction is dependent upon due process.

26.

Quote from Leuenberger's February 6, 2006 e-mail: "If I can't ask the Judicial Department the questions I asked it because the OSB, (Oregon State Bar), is a part of the Judicial Department, how on earth can the same Judicial Department be impartial for purposes of our trial?"

27.

Debtor-Plaintiff requests as a potential temporary solution to this dilemma that the Bankruptcy Court for the District of Oregon accept as a visitation her four adversarial filings and one new or renewed creditor registration. She asks that the court grant a continuance for six weeks to enable her to complete her physical therapy and hopefully secure out of state or

federally secured legal representation since there is no State of Oregon legal representation available for her.

28.

Debtor-Plaintiff retains her rights to any and all damages due her until she can be represented by effective legal representation in a court of lawful jurisdiction.

Respectfully submitted this 3rd day of March 2015.

                                                  Barbara K. Parmenter, Pro Se

## CERTIFICATE OF SERVICE

I, Barbara K. Parmenter, herein certify that on this day, March 3, 2015, I prepared a true copy of the Motion for Adversarial Claim Contempt of Court for Bankruptcy Case No 09-60875-fra11, and deposited a pre-stamped addressed envelope at the US Post Office on Gateway Street in Springfield, Oregon, or Faxed such NOTICE to the following attached persons listed on the attached 3 sheets.

_____
Barbara K. Parmenter, Pro Se

| | | |
|---|---|---|
| American Infosource<br>as agent for Bank of America<br>FLA Card Services<br>Oklahoma City, OK 73124-8809 | OCWEN Loan Services LLC<br>as agent for Bank of America<br>FLA Card Services<br>Oklahoma City, OK 73124-8809 | Chris Mills<br>1283 Lincoln St.<br>Eugene, Or 97478 |
| BAC Home Loans Services LP<br>7105 Corporate Drive<br>PTX-B-35<br>Plano, Texas 75024 | BAC Home Loans Services LP<br>7105 Corporate Drive<br>PTX-B-35<br>Plano, Texas 75024 | Dee Safley<br>658 57th Street #75<br>Springfield, Or. 97478 |
| BAC Loan Services LP fka<br>Countryman<br>2380 Performance Drive<br>Building C Mail Stop RGV-C-3<br>Richardson, Texas 75082 | BAC Loan Services LP fka<br>Countryman<br>2380 Performance Drive<br>Building C Mail Stop RGV-C-3<br>Richardson, Texas 75082 | Discover Bank<br>DFS Services LLC<br>P.O. Box 3025<br>New Albany, OH. 43054-3025 |
| Boyd and Associates<br>6440 N. Cent. Expresswy #600<br>Dallas, Texas 95206 | Boyd and Associates<br>6440 N. Cent. Expresswy #600<br>Dallas, Texas 95206 | Discover Bank<br>Discover Financial Services<br>P.O. Box 3025<br>New Albany, OH. 43054-3025 |
| Chase Home Finance, LLC<br>3415 Vision Drive<br>Columbus, Ohio 43219 | Chase Home Finance, LLC<br>3415 Vision Drive<br>Columbus, Ohio 43219 | David W. Criswell<br>and Brad Summers<br>Fax No. 503-295-1058 |
| Chase Bank USA<br>P.O. Box 15145<br>Wilmington, DE 19850-5145 | Chase Bank USA<br>P.O. Box 15145<br>Wilmington, DE 19850-5145 | David Mills, Attorney<br>115 W. 8th<br>Suite 280<br>Eugene, Oregon 97401 |
| Chase Home Finance LLC<br>800 Brooksedge Boulevard<br>Westerville, Ohio 43081 | Chase Home Finance LLC<br>800 Brooksedge Boulevard<br>Westerville, Ohio 43081 | Craig Tomlinson<br>P.O. Box 2343<br>Walport, Oregon 97394 |

Elan Financial Services
P.O. Box 5229
Cincinnati, OH. 45201

Key Bank National Association
P.O. Box 94968
Cleveland, OH. 44101-4986

Mike Tayloe CPA
P.O. Box 71610
Eugene, Or. 97401

Henderson Bennington
Moshofsky PC
4800 SW Griffith Dr. #350
Beaverton, Or. 97005

James Branch
310 5th Street
Springfield, Or. 97477

Nationstar Mortgage
360 Highland Drive
Lewisville, Texas 75067

H. Thomas Evans
750 Lawrence Street
Eugene, Or. 97401

Jeffrey Matthews
Creditor's Committee
360 E. 10th Ave. #300
Eugene, Or. 97401

NES National Enterprise System
For Key Bank No. 0938
29125 Solon Road
Solon, OH. 44139-3442

IRS
P.O. Box 21126
Philadelphia, PA. 19114

LVNV Funding LLC
Resurgent Capital Services
P.O. Box 10587
Greenville, S. C. 29603-0587

ODR Bkcy
955 Center Street NE
Salem, Or. 97301-2555

Jeffrey Matthews
Harrang Long Gary Rudick P.C.
c/o Marjorie A. Berger
1001 SW Fifth Ave.
Portland, Or. 97204

Lisa Gallo Allen
Attorney at Law
241 E. Broadway, Suite B
Eugene, Or. 97401

Oregon Department
of Veterans' Affairs
Daniel H. Rosenhouse
Dept. of Justice
1515 SW 5th Ave. #410
Portland, Or. 97201

Key Bank
c/o Weltman Weinberg N Reis,
Co. LPA
3232 W. Lakeside Ave. 2nd floor
Cleveland, OH. 44113

Lloyd E. Humphreys
26 Highland Village
#100-257
Dallas, Texas 75205

Oregon State Bar
5200 SW Meadows Road
Lake Oswego, Or. 97035

OCWEN Loan Services LLC
(previously for Bank of Am.)
1661 Worthington Rd. #33409
West Palm Beach, FL. 33409

William Carpenter Jr.
Attorney at Law
474 Willamette Street, Suite 303
Eugene, Or. 97401

Professional Credit Services
P.O. Box 7548
Eugene, Or. 97401-0039

Regional US Trustee
Jake Miller
Via Fax No. 206-553-2566

R. Scott Palmer
Fax No. 541-484-2282

Recovery Management
Systems Corporation
25 SE 2nd Ave., # 1120
Miami, FL. 33131

Wells Fargo Bank NA
Real Estate Mortgages
3478 Stateview Blvd.
MAC #X7801-013
Ft. Mill, S. C. 29715

WorldMark by Wyndham
10750 W Charleston Bl. #130
Las Vegas NV. 89135

| B104 (10/06) ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> Barbara Parmenter | **DEFENDANTS** <br> Nationstar Mortgage |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> None | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor ☐ Creditor ☐ Trustee ☐ U.S. Trustee ☐ Other | **PARTY** (Check One Box Only) <br> ☐ Debtor ☐ Creditor ☐ Trustee ☐ U.S. Trustee ☒ Other |
| **CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) <br> Contempt of Court Order ||

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
- ☐ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
- ☐ 41-Objection/revocation of discharge - §727(c), (d), (e)

**FRBP 7001(5) - Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1), (14), (14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
- ☐ 61-Dischargeability §523(a)(5), domestic support
- ☐ 68-Dischargeability §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability §523(a)(8), student loan
- ☐ 64-Dischargeability §523(a)(15), divorce/sep property settlement/decree
- ☐ 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
- ☐ 71-Injunctive relief - reinstatement of stay
- ☒ 72-Injunctive relief - other

**FRBP 7001(8) - Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) - Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) - Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case - 15 USC §§78aaa et. seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |

**Other Relief Sought**

Injunction Permanent & Monetary Damages

APCS-B104 (10/16/06)   Page 1 of 2

Case 15-06023-fra    Doc 1    Filed 03/04/15

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF Barbara Parminter | DEFENDANT Nationstar Mortgage | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE Alley III |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE 3-5-2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the adversary proceeding is filed electronically through the court's ECF system. When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Parties.** Give the names of the parties to the adversary proceeding exactly as they appear on the complaint. Give the names and addresses of the attorneys if known.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

APCS-B104 (10/16/06)   Page 2 of 2