
CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON
MAR - 6 2015
LODGED____REC'D____
PAID____DOCKETED____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>BARBARA K. PARMENTER,<br><br>        Debtor. | Bankruptcy Case<br>No. 09-60875-fra11 |
| BARBARA K. PARMENTER,<br><br>        Plaintiff,<br><br>vs.<br><br>WELLS FARGO HOME MORTGAGE,<br><br>        Defendant. | Adversary Proceeding<br>No. 15-06022-fra |
| BARBARA K. PARMENTER,<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE,<br><br>        Defendant. | Adversary Proceeding<br>No. 15-6023-fra |
| BARBARA K. PARMENTER,<br><br>        Plaintiff,<br><br>vs.<br><br>BAYVIEW LOAN SERVICING, L.L.C.,<br><br>        Defendant. | Adversary Proceeding<br>No. 15-6024-fra<br><br>MEMORANDUM |

Plaintiff Barbara K. Parmenter has filed three identical complaints naming Wells Fargo Home Mortgage, Nationstar Mortgage, and Bayview Loan Servicing, L.L.C., respectively, as Defendants. The

Page 1 - MEMORANDUM

complaint in each case is identical to the other two. The Court, acting on its own motion, has reviewed the complaints, and for the reasons set out below determined that each of the cases should be dismissed.

I. BACKGROUND

The complaints go on at great length to describe Plaintiff's personal difficulties, and demands for accommodation, which the Court has previously addressed in *In re Parmenter*, 09-60875-fra11. She also alleges that she is unable to get a fair trial in Oregon, because all judges in Oregon (state or federal) are members of the Oregon State Bar. Only two paragraphs appear to discuss any sort of claim:

> 22. Both Bayview Loan Servicing, LLC in Oregon Circuit Court Case No. 161421755 and M. T. Bank are claiming foreclosure rights on the 5409 Ivy Street property in Springfield, Oregon 97478. All of the original claims or the original supposed claims of their predecessors were denied as not being valid liens by United States Trustee Kenneth Eiler in the final plan of United States Bankruptcy Case No. 09-60875-fra11 and the lenders were notified of such invalid lien(s) as verified by the United States Bankruptcy Court for the District of Oregon in Eugene, Oregon. In addition Debtor-Plaintiff notified Wells Fargo Home Mortgage again and sent Bayview Loan Servicing, L.L.C. copies of the ruling and the Order.

The "ORDER" states the following:

> #3. The property revested in debtor(s) under the plan is free and clear of all claims and interest of creditors and equity security holders.
>
> #4. Commencement or continuance of any action or of employment of process or any act to collect, recover or offset any such debt as the debtor's personal liability, or from the debtor's property is enjoined.
>
> 23. Regardless of the known federal laws Bayview Loan Servicing, L.L.C.'s legal counsels continued to harass Parmenter and have even filed foreclosure proceedings in the State of Oregon Circuit Court for the County of Lane Co pursuing vexatious litigation because their attorneys knew Parmenter could not secure legal representation in Oregon, Idaho or Washington and that all Oregon Judges and attorneys have an undisclosed personal and professional financial conflict of interest with her and have been using the courts as a weapon against her.

The Court takes judicial notice of its order, filed May 3, 2011, confirming the plan of reorganization in the matter of *In re Parmenter*, Case No. 09-60875-fra11. See docket #552. The plan of reorganization provides, at Part III, Paragraph 3.2.i, as follows:

> Class 9 (Chase Home Finance 5409 Ivy). Class 9 is not impaired by the Plan and Chase is conclusively presumed to have accepted the Plan. Chase shall retain its Lien against the Ivy Street property to the same extent and with the same validity and priority as existed on the Petition Date. The Estate's interest in the Ivy Street Property was abandoned prior to the

// // //

Page 2 - MEMORANDUM

Effective Date by Court order, and Chase may enforce its rights and remedies against the Ivy Street Property.

## II. GROUNDS FOR DISMISSAL

A. The Court is without jurisdiction in this matter. The property described in the complaint was abandoned by the Trustee, and is not, and was not as of the time the plan was confirmed, property of the bankruptcy estate. Moreover, the complaint does not describe any relief sought by the Plaintiff, and therefore does not state a claim or controversy to which the authority of this Court extends.

B. Abstention: The complaint indicates that a proceeding is now pending in the Circuit Court for the State of Oregon respecting the property at 5409 Ivy, Springfield, Oregon. In light of the provisions of the confirmed plan, the Plaintiff's rights and liabilities with respect to the property and any person claiming an interest therein is purely a matter of state law, and best determined by the court in which the matter is now pending. For that reason, this Court abstains from hearing the matter described in the complaint.

## III. CONCLUSION

For the foregoing reasons, the Court will enter contemporaneously herewith an order dismissing the above-captioned adversary proceedings. The complaints were filed without tender of the $350 per case filing fee required by the Regulations of the Judicial Conference. Given the circumstances of the matter, the Court will not require that the fee be paid.

FRANK R. ALLEY, III
Chief Bankruptcy Judge